Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| SIMON J. BURCHETT PHOTOGRAPHY, INC., | Case No.: 20-cv-3539 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| NHST MEDIA GROUP AS d/b/a TRADE WINDS, | |
| Defendant. | |

-------------------------------------------------------------x

Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC., by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant NHST MEDIA GROUP AS d/b/a TRADE WINDS., for damages based on copyright infringement, and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JUR\ISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2.        CPLR § 302 (a)(3) authorizes this Court to exercise specific jurisdiction over

nondomiciliaries who commit a tortious act without the state causing injury to person or property

within the state, except as to a cause of action for defamation of character arising from the act, if

it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or

derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii)  expects or should reasonably expect the act to have consequences in the state and derives

substantial revenue from interstate or international commerce.

3.        At bar, defendant is located in Connecticut, and intentionally infringed plaintiff's

copyrighted image of the vessel Dubai Express, U.S. Copyright No. VA 2-036-532 (the

"Copyrighted Image").

4.        Defendant was served with a notice to cease and desist but refused.  It was, and is,

aware that its tortious acts have had consequences in this state.  Further, defendant derives

substantially all of its revenue from interstate or international commerce.

5.        Defendant's Trade Winds website located at <www.trade-winds.com> generates a

significant amount of its unique individual from the State of New York.

6.        Jurisdiction is conferred over defendants pursuant to CPLR §§ 301, and CPLR §§

302(3)(i) and (ii).

**VENUE**

7.        A plaintiff may bring a case in: "(2) a judicial district in which a substantial part

of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in

which an action may otherwise be brought . . . a judicial district in which any defendant is

subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

8.    At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

9.    There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.  Defendant is also in the greater New York area.

10.   Defendant frequently contracts with companies in this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

11.   Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC. is a New York corporation with a headquarters located in Manhattan, New York.

12.   Upon information and belief, defendant NHST MEDIA GROUP AS d/b/a TRADE WINDS ("NHST") is a nondomiciliary with a headquarters located at 1010 Washington Blvd., 2nd Floor., Stamford, CT 06901.

## FACTS

13.   Plaintiff is the beneficial owner, by assignment, of the copyrighted image at issue here which is an aerial image of the container ship the Dubai Maersk - U.S. Copyright Registrations No. VA 2-036-532 (the "Copyrighted Image"). See **Exhibits 1** and **2.**

14.     A true and correct copy of the Copyrighted Image and its reverse appears below.

| Original Image | Reverse Image |
|---|---|
|  | |

15.     Plaintiff is owned solely by Simon Burchett, a world-renowned photographer who has been honored with many awards and accolades.

16.     Mr. Burchett is accredited as a master photographer by the Master Photographers Association (the "MPA") in England.  To become accredited, a photographer must: (i) have professional liability insurance, (ii) show a substantial history of professional work, (iii) provide a detailed client list, (iv) produce a curriculum vitea, and (iv) pass an interview.

17.     In July 2019, Mr. Burchett won the very prestigious Gold Medal at the MPA's professional photographers' competition.  This is a national competition conducted by the MPA which is open to all professional photographers.  There are in excess of 1,000 images submitted to each competition.

18.     Previously, Mr. Burchett won a Silver Medal at the Master Photographers Association competition in 2018.

19.     Defendant NHST is a media conglomerate.

20.     In 2018, defendant, without license or authority, copied, created a derivative work, distributed, and publicly displayed the Copyrighted Image on its website at

<https://www.tradewindsnews.com/finance/shipping-heads-for-another-big-year-in-debt-markets/2-1-248080>.



**Shipping heads for another big year in debt markets**

21.     Defendant manipulated the original Copyrighted Image by flipping it, cropping it, and removing the smoke plume generated by the ship.  This is an unlicensed derivative work.

22.     Third-Party Seaspan Corp. is the owner of the Dubai Express.  Seaspan Corp. did not give defendant the authority to use the Copyrighted Image, nor did Seaspan have the right to give any authority.  Seaspan never published the Copyrighted Image flipped and cropped as used by defendant and could not have supplied such an image.

23.     Defendant did not include plaintiff's name, the title of the Copyrighted Image, its author, or information about the terms and conditions of use of the Copyrighted Image, even after notice.  Instead defendant had no attribution.

24.     On or about May 1, 2020, plaintiff served notice on defendant to cease and desist.  **Exhibit 3**.

25.     Defendant responded by admitting it used the Copyrighted Image but claimed it attributed Seaspan, and that was sufficient for its use.

26.     Plaintiff is unaware of any attribution.

27.     Defendant's uses of the Copyrighted Image was, and is, purely commercial.

28.     Defendant's blatant failure to license the Copyrighted Image prior to its commercial use entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

29.     Defendant's failure to cease and desist after notice from plaintiff's counsel is a separate reason why plaintiff is entitled to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

30.     Defendant has infringed plaintiff's right to copy, distribute, and publicly display the Copyrighted Image pursuant to 17 U.S.C. § 106.  Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages.  Alternatively, plaintiff may elect enhanced statutory damages, plus its reasonable attorneys' fees, costs, pre/post judgment interest.

31.     Defendant's failure to include any copyright management information is a violation of 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

32.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

33.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Image.

34.     Defendant without license or authority from plaintiff, reproduced, publicly displayed, created and/or distributed plaintiff's Copyrighted Image.

35.     Defendant copied and publicly displayed the Copyrighted Image solely for the purpose of commercial gain.

36.     Defendant refused to cease and desist after a demand from plaintiff's counsel.

37.     Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendant.

38.     At all times relevant to this Complaint, defendant did not use the Copyrighted Image for criticism, comment, news reporting, teaching, scholarship, or research.

39.     At all times relevant to this Complaint, defendant's uses were not transformative.

40.     Defendant elected to reproduce, distribute, and/or publicly display plaintiff's Copyrighted Image, using the entirety of the image, without a license.

41.     As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Image as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendant's profits in excess of plaintiff's actual damages.  Plaintiff may also elect to recover a statutory damage award.  Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

42.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

43.     Defendant was well-aware of the fact that it did not have a license for each use.

44.     Defendant was certainly aware after being served with notice from plaintiff's counsel.

45.     Defendant allowed users to copy, email, or post the article and Copyrighted Image on social media.

46.     Defendant provided the apparatus for third-parties to email, print, and share each Article on social media.

47.     Defendant is liable for contributory infringement for each third-party infringement, directly and indirectly.

48.     As a direct and proximate result of defendant's contributory infringement, plaintiff has incurred damages, and requests an award of plaintiff's actual damages including all lost license fees, and defendant's profits in excess of plaintiff's actual damages.  Plaintiff may also elect to recover a statutory damage award.  Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## THIRD CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201-05.

49.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

50.     Section 1202 provides in part: (b) [n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(b).

51.     The DMCA states: "[d]efinition.—As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) . . . the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) . . . the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work.  (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

52.     Plaintiff always distributes its copyrighted images, including the Copyrighted Image here, with embedded copyright management information which includes the title of the image, author, label, and copyright owner.

53.     Defendant removed plaintiff's copyright management information ("CMI"), and copied, publicly displayed, and/or distributed the Copyrighted Image without this CMI.

54.     Defendant has continued to display the Copyrighted Image with no CMI.  In fact, as of the date of this Complaint, the Copyrighted Image is active on defendant's website.

55.     Defendant did the forgoing with the intent to conceal the infringement.

56.     Plaintiff seeks award of statutory damages for each violation of Section 1202 of

the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as

follows:

1.     restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2.     compensatory damages in an amount to be ascertained at trial;

3.     a statutory damage award, including all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     an award of up to $25,000 in statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5.     the reasonable attorneys' fees and costs incurred by plaintiff in this action (17 U.S.C. § 505);

6.     pre- and post-judgment interest to the extent allowable; and,

7.     such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 6, 2020                         GARBARINI FITZGERALD P.C.
       New York, New York

                                           By: _Richard M. Garbarini_____

                                               Richard M. Garbarini (RG 5496)