Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

| | |
|---|---|
| SIMON J. BURCHETT PHOTOGRAPHY, INC., | Case No.: 20-cv-3539 |
| Plaintiff, | **ECF CASE** |
| v. | **AMENDED COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| NHST MEDIA GROUP AS d/b/a TRADE WINDS, | |
| Defendant. | |

--------------------------------------------------------------x

Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC., by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant NHST MEDIA GROUP AS d/b/a TRADE WINDS., for damages based on copyright infringement, and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

### JUR\ISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2.        CPLR § 302 (a)(3) authorizes this Court to exercise specific jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

3.        At bar, defendant is located in Connecticut, and intentionally infringed plaintiff's copyrighted image of the vessel Dubai Express, U.S. Copyright No. VA 2-036-532 (the "Copyrighted Image").

4.        Defendant was served with a notice to cease and desist but refused.  It was, and is, aware that its tortious acts have had consequences in this state.  Further, defendant derives substantially all of its revenue from interstate or international commerce.

5.        Defendant's Trade Winds website located at <www.trade-winds.com> generates a significant amount of its unique individual from the State of New York.

6.        Jurisdiction is conferred over defendants pursuant to CPLR §§ 301, and CPLR §§ 302(3)(i) and (ii).

**VENUE**

7.        A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is

subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

8.      At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

9.      There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.  Defendant is also in the greater New York area.

10.      Defendant frequently contracts with companies in this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

11.      Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC. is a New York corporation with a headquarters located in Manhattan, New York.

12.      Upon information and belief, defendant NHST MEDIA GROUP AS d/b/a TRADE WINDS ("NHST") is a nondomiciliary with a headquarters located at 1010 Washington Blvd., 2nd Floor., Stamford, CT 06901.

## FACTS

13.      Plaintiff is the beneficial owner, by assignment, of the copyrighted image at issue here which is an aerial image of the container ship the Dubai Maersk - U.S. Copyright Registrations No. VA 2-036-532 (the "Copyrighted Image"). See **Exhibits 1** and **2.**

14.      Plaintiff is owned solely by Simon Burchett, a world-renowned photographer who has been honored with many awards and accolades.

15.     Mr. Burchett is accredited as a master photographer by the Master Photographers Association (the "MPA") in England.  To become accredited, a photographer must: (i) have professional liability insurance, (ii) show a substantial history of professional work, (iii) provide a detailed client list, (iv) produce a curriculum vitea, and (iv) pass an interview.

16.     In July 2019, Mr. Burchett won the very prestigious Gold Medal at the MPA's professional photographers' competition.  This is a national competition conducted by the MPA which is open to all professional photographers.  There are in excess of 1,000 images submitted to each competition.

17.     Previously, Mr. Burchett won a Silver Medal at the Master Photographers Association competition in 2018.

<strong>THE COPYRIGHTED IMAGE</strong>

18.     A true and correct copy of plaintiff's Copyrighted Image appears below with blue boxes added to show the vessel name and no-smoking sign.

**Original Copyrighted Image**



19.     The Copyrighted Image was taken by plaintiff from a fixed wing aircraft (a Piper Navajo) approximately 40 miles off the coast of Malaga, Spain.

20.    Plaintiff and his assistant, drove approximately 900 miles in three days from Kent, England to Malaga, Spain.  The trip took a longer time than normal because Burchett and his assistant Pyrenees and Sierra Nevada mountains.

21.    Burchett hired a commercial pilot, and fixed wing aircraft at Velez, a province of Malaga, and flew for three hours to, around, and back from the vessel the Dubai Express to capture the Copyrighted Image.

**DEFENDANT AND THE INFRINGEMENT**

22.    Defendant NHST is a media conglomerate.

23.    In 2018, defendant, without license or authority, copied, created a derivative work, distributed, and publicly displayed the Copyrighted Image on its website in an article titled "Shipping Heads for Another Big Year in Debt Markets" (the "Article") found at <https://www.tradewindsnews.com/finance/shipping-heads-for-another-big-year-in-debt-markets/2-1-248080>.



24.    Defendant manipulated the original Copyrighted Image by flipping it, cropping it, and removing the vessel name and no-smoking sign.  This is an unlicensed derivative work.

25.     An untouched reversed image of the original work is below.



26.     As the blue boxes in the reversed image above show, when reversed the name of the vessel and no smoking sign are reversed.  Defendant reversed the Copyrighted Image, removed both the vessel name and no smoking sign, and cropped every side of the Copyrighted Image.

27.     Defendant's use of the Copyrighted Image was, and is, purely commercial.

28.     Defendant's blatant failure to license the Copyrighted Image prior to its commercial use entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

29.     On or about May 1, 2020, plaintiff served notice on defendant to cease and desist. **Exhibit 3**.

30.     Defendant responded by admitting it used the Copyrighted Image but claimed it attributed Seaspan Corp., and that was sufficient for its use.  Not only did the defendant not license the Copyrighted image from Seaspan Corp., it did not include an attribution.

31.     Defendant's failure to cease and desist after notice from plaintiff's counsel is a separate reason why plaintiff is entitled to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

32.     Defendant has infringed plaintiff's right to copy, distribute, and publicly display the Copyrighted Image pursuant to 17 U.S.C. § 106.  Plaintiff is entitled to its actual damages, as

well as defendant's profit in excess of plaintiff's actual damages.  Alternatively, plaintiff may

elect enhanced statutory damages, plus its reasonable attorneys' fees, costs, pre/post judgment

interest.

## DEFENDANT'S FAILED EXCUSE

33.     Defendant admitted it copied, distributed, and publicly displayed the derivative of

the Copyrighted Image, but claimed it "sourced" the image from third-party Seaspan-Corp. See

**Exhibit 4**.

34.     Defendant admits it did not license or receive authority from third-party Seaspan

Corp. (something Seaspan Corp. had no authority to do); instead, defendant ambiguously claims

it "sourced" the image from Seaspan Corp.

35.     Seaspan Corp. is the owner of the Dubai Express.  Seaspan did not publish a

reversed copy of the Copyrighted Image, or a Copyrighted Image cropped and manipulated as

used by defendant.

36.     Seaspan Corp. did not, and could not, supply the derivative image used by

defendants by defendant.

## VIOLATIONS OF THE DMCA

37.     Defendant did not include plaintiff's name, the title of the Copyrighted Image, its

author, or information about the terms and conditions of use of the Copyrighted Image, even

after notice.  Instead defendant had no attribution.

38.     Defendant's failure to include any copyright management information is a

violation of 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each

violation of the DMCA pursuant to Section 1203 of the DMCA.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

39.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

40.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Image.

41.     Defendant without license or authority from plaintiff, reproduced, publicly displayed, created and/or distributed plaintiff's Copyrighted Image.

42.     Defendant copied and publicly displayed the Copyrighted Image solely for the purpose of commercial gain.

43.     Defendant refused to cease and desist after a demand from plaintiff's counsel.

44.     Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendant.

45.     At all times relevant to this Amended Complaint, defendant did not use the Copyrighted Image for criticism, comment, news reporting, teaching, scholarship, or research.

46.     At all times relevant to this Amended Complaint, defendant's uses were not transformative.

47.     Defendant elected to reproduce, distribute, and/or publicly display the derivative of the Copyrighted Image without a license.

48.     As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Image as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendant's profits in excess of plaintiff's actual damages.  Plaintiff may also elect to recover a statutory damage

award.  Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

49.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

50.     Defendant was well-aware of the fact that it did not have a license for each use.

51.     Defendant was certainly aware after being served with notice from plaintiff's counsel.

52.     Defendant allowed users to copy, email, or post the article and Copyrighted Image on social media.

53.     Defendant provided the apparatus for third-parties to email, print, and share the Article on social media.

54.     Defendant is liable for contributory infringement for each third-party infringement, directly and indirectly.

55.     As a direct and proximate result of defendant's contributory infringement, plaintiff has incurred damages, and requests an award of plaintiff's actual damages including all lost license fees, and defendant's profits in excess of plaintiff's actual damages.  Plaintiff may also elect to recover a statutory damage award.  Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## THIRD CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201-05.

56.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

57.     Section 1202 provides in part: (b) [n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(b).

58.     The DMCA states: "[d]efinition.—As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) . . . the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) . . . the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work.  (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information

as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights

may not require the provision of any information concerning the user of a copyrighted work." 17

U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

59.     Plaintiff always distributes its copyrighted images, including the Copyrighted

Image here, with embedded copyright management information which includes the title of the

image, author, label, and copyright owner.

60.     Defendant removed plaintiff's copyright management information ("CMI"), and

copied, publicly displayed, and/or distributed the Copyrighted Image without this CMI.

61.     Defendant has continued to display the Copyrighted Image with no CMI after

notice.  In fact, as of the date of this Amended Complaint, the Copyrighted Image is active on

defendant's website.

62.     Defendant did the forgoing with the intent to conceal the infringement.

63.     Plaintiff seeks award of statutory damages for each violation of Section 1202 of

the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as

follows:

1.     restitution of defendant's unlawful proceeds in excess of plaintiff's
       compensatory damages;

2.     compensatory damages in an amount to be ascertained at trial;

3.     a statutory damage award, including all penalties authorized by the Copyright
       Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     an award of up to $25,000 in statutory damages for each violation by defendant
       of the DMCA, 17 U.S.C. § 1202;

5.     the reasonable attorneys' fees and costs incurred by plaintiff in this action (17

U.S.C. § 505);

6.      pre- and post-judgment interest to the extent allowable; and,

7.      such other and further relief that the Court may deem just and proper.


## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 6, 2020                          GARBARINI FITZGERALD P.C.
        New York, New York

                                            By: _Richard M. Garbarini_____
                                                Richard M. Garbarini (RG 5496)